# N. Y. COMMON PLEAS.

## GOLDSMITH et al. agt. JONES, et al.

No citizen has the right to remove any obstruction on the public street or highway, because such obstruction is a *public nuisance*. No such right exists in any person, except, one who, apart from the injury which he, as one of the public, sustains in common with his fellow citizens, is especially inconvenienced by the obstruction on the street.

Where the plaintiffs caused to be erected without any permission in front of defendant's store on Broadway, N. Y., a triangular box seven feet high, and projecting about two feet and a half from the curb upon the sidewalk, around a telegraph pole, and caused their names and business to be printed upon it, using it as a sign—they occupied the adjoining store to the defendants; and the defendants ordered the plaintiffs to remove the box, and threatened to remove it themselves and to obliterate the sign, and upon the plaintiffs refusing the defendants caused the names and sign on the box to be daubed with paint so as to obliterate them:

*Held*, that the defendants were liable to an action for malicious trespass, and were properly arrested and held to bail. Motion to vacate the order of arrest denied.

*Special Term, July,* 1872.

MOTION to vacate order of arrest.

HAWKINS & K. COTHERON, *for motion.*
DAVID MCADAM, *opposed.*

J. F. DALY, *J.*—The plaintiffs and defendants do business in the building No. 1284 Broadway, on the ground floor, the building is divided into two stores or apartments one of which defendants occupy, and plaintiff have their office in the other; on the sidewalk, in front of defendant's store, stands a telegraph pole close to the curbstone, around this pole, plaintiffs caused to be erected a triangular box seven feet high, and projecting about two feet and a half from the curb upon the sidewalk, and caused their names and business

to be painted upon it, using it as a sign. This was done without permission of the defendants or of the common council, or other authority. The defendants ordered the plaintiffs to remove the box and threatened to remove it themselves and to obliterate the sign, and upon the plaintiffs refusing, the defendants caused the names and sign on the box to be daubed with paint so as to obliterate them.

The plaintiffs brought this action for malicious trespass, and defendants were held to bail in $500. The defendants move to vacate the order of arrest, on the ground that the box was a public nuisance which they had a right to abate, and that plaintiffs had no right in such nuisance capable of injury or upon which this action can be founded.

It has been settled in this state, that every encroachment upon the highway is not a public nuisance, that if the encroachment is such that no one, in using the highway, is incommoded, it is not a nuisance. That that which is a common or public nuisance cannot lawfully be abated by the private act of individuals, and that only when the nuisance is especially inconvenient and annoying to a private individual can he remove it (*Griffith* agt. *McCullum*, 46 *Barb.*, 562).

In that case, the law has been carefully examined, and the authorities in this country and England cited to sustain the decision (*Peckham* agt. *Henderson*, 27 *Barb.*, 207 ; *Harrower* agt. *Ritson*, 37 *Barb.*, 301 ; *Dimes* agt. *Pently*, 16 *Q. B.*, 274; *Bateman* agt. *Black*, 18 *Q. B.*, 870 ; *Mayor of Colchester* agt. *Brooke*, 7 *Q. B.*, 339 ; 57 *Blackstone's Com.*, 5).

Lord CAMPBELL, in *Dimes* agt. *Pently*, says, "it is fully established by the recent cases, that if there be a nuisance in the public highway, a private individual cannot, of his own authority abate it, unless it does him a special injury, and he can only interfere with it so far as necessary to exercise his right of passing along the highway, and he cannot justify doing any damage to the property of the person who has improperly placed the nuisance in the highway, if avoid-

ing it, he might have passed on with reasonable convenience."

These cases dispose of the defendant's claim, that any citizen has the right to remove any obstruction on the public street, because such obstruction is a public nuisance. No such right exists in any person except one who, apart from the injury which he, as one of the public, sustains in common with his fellow citizens, is specially incommoded by the obstruction on the streets.

If this particular box or sign obstructed the entrance to defendant's store, and prevented their carrying on their business except inconveniently, they did not proceed in the proper way to remedy the evil. They attempt to justify their act in painting out the plaintiff's sign, on the ground that it was an abatement of the nuisance, but it is clear that leaving the box standing and obliterating the sign in an unsightly manner, continues the nuisance if it do not increase it.

The utmost defendants could do, if they had the right to remove the structure as a nuisance, was to take it down without unnecessary violence or injury.

'The abatement by the individual must be limited by necessity, and no wanton or unnecessary injury must be committed" (2 *Salk.*, 458)

The destruction of property not necessary to the abatement of a nuisance is unlawful (*Ely* agt. *Supervisors of Niagara Co.*, 36 *N. Y.*, 300). Nor can defendants justify their act in obliterating plaintiff's sign, on the ground that such sign was calculated to direct plaintiff's visitors to defendant's shop any more than they could justify the act of painting out plaintiff's names on the sign, and painting their own there instead. In neither case, would that be any abatement of a nuisance. The defendants have committed a trespass in thus doing an unnecessary injury to plaintiff's property, and a trespass for which plaintiffs have a perfect rignt of action.

If the sign were injured by negligence on the part of

Goldsmith agt. Jones.

defendant the plaintiffs might have no right of recovery on account of their own negligence in exposing their property on the public street, but they are not debared from recovering damages from any person who wilfully and maliciously injures their property, because it has been placed on the highway.

In this case, there is the strongest evidence of malice, because the injury deliberately inflicted by obliteration and defacement, could, in no way, benefit the defendants or the public, or lessen the inconvenience of the structure on which the sign was painted.

The suit was properly brought, and the order of arrest cannot be set aside; as to the amount of bail, the sum is moderate for the malice of defendants may enhance the damages, and the plaintiffs may recover, under chapter 573 of laws of 1853, entitled "an act for the more effectual prevention of wanton and malicious mischief," five times the amount of actual damage sustained.

The motion must be denied, with $10 costs.